UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN FIGUEROA and TOM AUGUSTINE, <br><br>  Plaintiffs, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A.; et al., <br><br>  Defendants. | 3:11-cv-0196-LRH-VPC <br><br> ORDER |

Before the court is defendants motion to dismiss for lack of jurisdiction. Doc. #4.[1]

In 2004, plaintiffs Kevin Figueroa and Tom Augustine (collectively "plaintiffs") purchased real property in California through a mortgage note and deed of trust originated by defendant Washington Mutual Bank. Plaintiffs defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

In February, 2009, the property was sold at a trustee's sale to defendant JP Morgan Chase Bank, N.A. ("JP Morgan"). After JP Morgan purchased the property plaintiffs recorded a series of allegedly fraudulent deeds of trust which purportedly "sold" the property back from JP Morgan to plaintiffs. Subsequently, in July, 2009, JP Morgan filed an action in California state court to quiet title in the property. *See* Doc. #4, Exhibit 1. In response to the filing of JP Morgan's action in

---

[1] Refers to the court's docket number.

California state court, plaintiffs filed the present action against defendants to quiet title of the property. Doc. #1. Thereafter, defendants filed the present motion to dismiss for lack of subject matter jurisdiction. Doc. #4.

It is well established under the doctrine of prior exclusive jurisdiction that parties may not simultaneously litigate matters related to the same rem, or real property, in multiple independent forums. *See United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 477 (1936) ("The principle, applicable to both federal and state courts, [is] that the court first assuming jurisdiction over property may maintain and exercise jurisdiction to the exclusion of [other courts.]"); *see also, State Eng'r v. S. Fork Band of the Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003) ("When a court of competent jurisdiction has obtained possession, custody, or control of particular property, that possession may not be disturbed by any other court.").

Here, the first court to take jurisdiction over the real property was the California court. Further, litigation in that action has been progressing. Therefore, the court finds that the California court has exclusive jurisdiction over the real property at issue and, thus, this court must dismiss this action for lack of jurisdiction. *See State Eng'r*, 339 F.3d 804, 810 (holding that the rule of prior exclusive jurisdiction "is a mandatory jurisdictional limitation."). Accordingly, the court shall grant defendants' motion to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #4) is GRANTED. Plaintiffs' complaint (Doc. #1) is DISMISSED in its entirety for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 31st day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE